UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**GARY J. CORNELL,** *pro se,*

    Plaintiff,

v.                                      Case No. 8:09-cv-1171-T-30TBM

**JOHN E. POTTER, Postmaster General,**

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss the Amended Complaint for Lack of Subject Matter Jurisdiction and for Failure to State a Claim Upon Which Relief May Be Granted (Dkt. #15). After careful examination, the Court determines that the complaint must be dismissed for lack of subject matter jurisdiction.

## Background

Defendant, John E. Potter, Postmaster General of the United States, argues that claims of discrimination and retaliation against Plaintiff, Gary J. Cornell, a former mail carrier for the United States Postal Service, should be dismissed for lack of subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies before pursuing an employment discrimination complaint in court. 42 U.S.C. § 2000e-16(c); *Brown v. Gen. Serv. Admin.*, 425 U.S. 820, 832 (1976).

Plaintiff was a mail carrier at the Largo Seminole Branch of the Seminole Post Office. He began working for the post office on April 27, 1996. During his employment, Plaintiff met with an Equal Employment Opportunity ("EEO") counselor on two occasions and filed a formal complaint on another. The first occasion Plaintiff sought EEO counseling was in March of 2005. But on March 24, 2005, Plaintiff withdrew his counseling request.

On December 19, 2007, Plaintiff received notice of his termination as a mail carrier for improper conduct to be effective on January 7, 2008. Plaintiff filed a grievance regarding whether there was cause for his termination, which went to arbitration. Arbitration determined that there was cause for his termination, and his grievance was denied on April 30, 2008. Plaintiff argues that his termination was not effective until April 30, 2008, the end of arbitration, because he was still being paid.

Plaintiff met with an EEO counselor for the second time on June 11, 2008, alleging retaliation on February 1, 2008. On August 14, 2008, Plaintiff filed a formal complaint alleging retaliatory and disability discriminatory events on February 19, 2005. The formal complaint was dismissed by the Postal Service on September 5, 2008, for untimely EEO counselor contact. Plaintiff appealed this decision, but it was affirmed.

**Motion To Dismiss Standard**

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a court to dismiss a complaint for lack of subject matter jurisdiction. "When subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion. A plaintiff suing in a federal court must show in his

pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case. . . ." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (citations and internal quotations omitted).

It is well established that before bringing a Title VII or Rehabilitation Act claim to a Federal District Court, the plaintiff must exhaust administrative remedies or the claims will be dismissed. 29 U.S.C. § 794(a); *Doe v. Garrett*, 903 F.2d 1455, 1461 (11th Cir. 1990), *cert. denied*, 499 U.S. 904 (1991)(stating that the Rehabilitation Act incorporates Title VII's requirement of exhaustion of administrative remedies). According to the Code of Federal Regulations, an aggrieved person must first consult an Equal Employment Opportunity (EEO) counselor within 45 days of the alleged discriminatory incident prior to filing a complaint. 29 C.F.R. § 1614.105(a)(1). Without timely contact with an EEO counselor and other subsequent administrative remedies, the Court cannot consider the aggrieved person's complaint. *Baldwin Co. Welcome Ctr. V. Brown*, 466 U.S. 147, 152 (1984).

## Count I: Discrimination Based Upon Disability, ADA Claim

Plaintiff claims that he was discriminated against by the United States Postal Service under the Rehabilitation Act because of his disabilities. He claims his disabilities stem from military service that "impair [his] ability to walk, stand, and jump, among other things." (Dkt. # 14, p. 2). According to Plaintiff, "Defendant's termination of [his] employment was due to the continuing need for Defendant to provide a reasonable accommodation which is a form of discrimination based upon Plaintiff's disability." *Id.* at 3.

Plaintiff's discrimination claim is untimely for three reasons. First, Plaintiff withdrew his timely request for EEO counseling on March 24, 2008, and did not pursue any subsequent administrative remedies. By withdrawing the request, Plaintiff failed to meet the administrative requirement. Second, the June 11, 2008 EEO counseling only involved a retaliation claim, not a disability discrimination claim. And the meeting was past the 45 day deadline. Third, the formal complaint on August 14, 2008, was filed without Plaintiff having timely sought EEO counseling regarding a disability discrimination incident on February 19, 2005. In addition, the complaint was filed more than 3 years after the alleged discriminatory event.

Because Plaintiff did not timely seek EEO counseling for disability discrimination, he did not exhaust his administrative remedies before filing this suit. Since this Court cannot hear claims that have not been through the proper administrative channels, this Court must dismiss the disability discrimination claim for lack of subject matter jurisdiction.

### **Count II: Retaliation**

Plaintiff claims retaliation by the United States Postal Service under Title VII of the Civil Rights Act of 1964 and the Rehabilitation Act. Plaintiff claims that Defendant terminated his employment "in retaliation for [his] filing multiple EEO charges against Defendant." (Dkt. # 14, p. 3).

Plaintiff is alleging two separate instances of retaliation: one on February 1, 2008, and one on February 19, 2005. First, it is unclear where the Plaintiff gets the February 1, 2008 date. He was terminated on January 7, 2008. Plaintiff claims to have been terminated on

April 30, 2008, because he was still being paid. But from the pay stub Plaintiff provided, it appears he only received accumulated leave pay, to which he is entitled under existing law. June 11, 2008, the date in which Plaintiff sought EEO counseling, is over 4 months after his termination in January and the February 1, 2008 date, which is well outside the 45-day window to seek counseling. Plaintiff claims that this was timely filed because it was within the 45 day period of his termination, which he believes to be April 30, 2008. However, Plaintiff misinterprets 29 C.F.R. § 1614.105(a)(1). It specifically says that "[a]n aggrieved person must initiate contact with a Counselor *within 45 days of the date of the matter alleged to be discriminatory*." Even if he was terminated on April 30, 2008, Plaintiff alleges the retaliation took place on February 1, 2008, so the EEO counseling must take place within 45 days of February 1st.

Plaintiff also alleges a retaliatory event on February 19, 2005, in the August 14, 2008 complaint. This complaint comes over 3 years after the alleged incident and without seeking EEO counseling. Therefore, Plaintiff did not meet the administrative requirements necessary to bring his claim to court. Without exhausting administrative remedies, this Court is barred from considering the case due to lack of subject matter jurisdiction.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss the Amended Complaint for Lack of Subject Matter Jurisdiction (Dkt. #15) is GRANTED.

2. This case is dismissed with prejudice.

3. The Clerk is directed to terminate any pending motions and close this file.

**DONE** and **ORDERED** in Tampa, Florida on May 19, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2009\09-cv-1171.dismiss 15.wpd